# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

December 11, 2024

**By ECF**
Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

       *Re: Redding v. The City of New Rochelle, et al.*, No. 24 Civ. 01007 (KMK)(AEK)

Dear Judge Karas:

      This firm, together with Rothman Schneider Soloway & Stern LLP, represents Plaintiff Ralph Redding in the above-captioned matter.

      We respectfully request that the Court So Order the enclosed subpoena addressed to the Westchester County Department of Public Safety ("WCDPS"). Based on Defendants' responses to Plaintiff's first set of requests for production of documents, it appears that the WCDPS provided training on specific issues for members of the New Rochelle Police Department. Those trainings are relevant to the facts and issues in this lawsuit, which includes a claim for negligent hiring, training, and supervision. *See* Dkt. 1 at ¶¶ 134-135.

      Counsel for Defendants does not object to this request.

      Accordingly, we request that the Court So Order the attached subpoena, which we may receive by email at jkuan@ecbawm.com.

                                     Respectfully Submitted,

                                     /s/ Julia P. Kuan_____
                                     Julia P. Kuan

Encl.
cc: Counsel of Record via ECF

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Ralph Redding | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 24-cv-1007 (KMK)(AEK) |
| The City of New Rochelle, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Westchester County Department of Public Safety, 148 Martine Avenue, White Plains, NY 10601
Attn: Angelique Fiumefreddo

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached hereto.

| Place: Emery Celli Brinckerhoff Abady Ward & Maazel, 600 Fifth Avenue, 10th Floor, NY, NY 10020 Attn: Julia Kuan | Date and Time: 01/11/2025 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/11/2024

CLERK OF COURT                    OR       *(signature)*

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
, who issues or requests this subpoena, are:
Julia P. Kuan, Emery Celli Brinckerhoff Abady Ward & Maazel, 600 Fifth Avenue, 10th Floor, NY, NY 10020
jkuan@ecbawm.com, 212-763-5000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-cv-1007 (KMK)(AEK)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 7:24-cv-01007-KMK-AEK   Document 39   Filed 12/11/24   Page 4 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A – DOCUMENTS TO BE PRODUCED

1. All training materials used by the Westchester County Department of Public Safety at the time of the Robbery concerning interviews and/or interrogations of witnesses and/or suspect in criminal investigations, including (i) the manner in which such interviews and/or interrogations should be conducted; and (ii) the manner in which such interview and/or interrogations should be recorded or memorialized.

2. All training materials used by the Westchester County Department of Public Safety at the time of the Robbery concerning eyewitness identification procedures in criminal investigations, including lineup identification or photo identification.

3. All training materials used by the Westchester County Department of Public Safety at the time of the Robbery concerning the recording and memorializing of steps taken during the investigation of a crime.

4. All training materials used by the Westchester County Department of Public Safety at the time of the Robbery concerning the disclosure of exculpatory evidence to the prosecutor and/or the defense in a criminal investigation or prosecution.

5. Records documenting the participation of the members of the New Rochelle Police Department in trainings held by the Westchester County Department of Public Safety on the issues described in requests #1 through 4, above, in the five years prior to the Robbery.

## DEFINITIONS

1. In addition to the definitions set forth in Rule 26.3 of the Local Civil Rules, the following terms apply for purposes of the subpoena.

2. <u>Plaintiff</u>: The term "Plaintiff" means Plaintiff Ralph Redding.

3. <u>Defendants</u>: The term "Defendants" means Defendants the City of New Rochelle, Claudio Carpano, Terrence Fudge and Michael Messina.

4. <u>Parties</u>: The term "Parties" means Plaintiff and Defendants, collectively.

5. <u>NRPD</u>: The term "NRPD" means the New Rochelle Police Department.

6. <u>WCDPS</u>: The term "WCDPS" means the Westchester County Department of Public Safety.

7. <u>Robbery</u>: The term "Robbery" means the home invasion and robbery that occurred at the house located at 43 Treno Street, New Rochelle, New York on December 14, 2010 at approximately 12:30 a.m.

8. <u>You</u>: The term "you" means the Westchester County Department of Public Safety, its predecessors in interest, successors in interest, divisions, departments, subsidiaries, branches, affiliates, and its present and former officers, directors, executives, employees, partners, agents, principals, attorneys, trustees, representatives, contractors, and subcontractors, and other persons acting or purporting to act on his, her, or its behalf, unless otherwise specified.

9. <u>Requests</u>: The term "requests" means each paragraph contained in Schedule A above requesting the production of documents.

10. <u>Document</u>: The term "document" shall be given the broadest meaning possible under the Federal Rules of Civil Procedure or other applicable rules.  By way of example, but not limitation, "document" means any written, recorded, or graphic material, whether prepared by you or any other person, that is in your possession, custody, or control, including memoranda, reports, letters, telegrams, text messages transmitted by phone or otherwise, electronic mail, other electronic correspondence, and any other communications or information recorded in any form or medium; notes, minutes, and transcripts of conferences, meetings, and telephone or other communications; transparencies, slides, handouts, and multimedia presentations; contracts and other agreements; statements, ledgers, and other records of financial matters or commercial

transactions; notebooks and diaries; plans and specifications; publications; photographs; diagrams, graphs, charts, cut sheets, shop drawings, floor plans, and other drawings; photocopies, microfilm, and other copies or reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-optical, and optical disks), and other electronic recordings; financial models; statistical models and other data compilations; and computer printouts. The term includes all drafts of a document; the original document (or a copy thereof if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlining, or other markings). The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

11. <u>Communications</u>: The term "communications" means any correspondence, contact, discussion, e-mail, instant message, text message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

**INSTRUCTIONS**

1. In responding to this subpoena, You shall produce all responsive Documents which are in Your possession, custody, or control or in the possession, custody, or control of Your employees, agents, attorneys, representatives, affiliates, or any other Person acting under Your control or on your behalf. A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another Person having possession, custody, or control of the Document.

2. Respond separately and completely to each document request or subdivision thereof, setting forth the question in full followed by each answer, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity, and the objection must state whether any responsive materials are being withheld on the basis of that objection. If an objection pertains only to a portion of a Request, or to a word, phrase, or clause contained in a Request, You shall state Your objection to that portion only and respond to the remainder of the Request.

3. Documents that are produced shall be identified according to which paragraph of the subpoena they are responsive to, or in the order and in the manner in which they are usually kept or organized.

4. Each requested Document shall be produced in its entirety, along with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of handwritten or other notes or markings. If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders and notebooks with tabs or labels identifying such Documents are to be produced intact together with such file folders, loose-leaf binders or notebooks. All labels identifying such Documents, files, folders, or binders shall be copied. Documents attached to each other shall not be separated, and all such attached Documents shall be produced.

5. If documents responsive to a particular request no longer exist, but are known to have been in existence, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the request(s) to which they are responsive, and identify any persons having knowledge of the content of such documents.

6. If any Document responsive to this subpoena is withheld under a claim of privilege (including attorney-client privilege and the work-product doctrine), You shall identify with respect to each Document: (a) the author(s); (b) the address(ees); (c) all other Persons to whom the Document was distributed, shown, or explained; (d) its present custodian(s); (e) the Document's number of pages, and attachments or appendices. In addition, all claims of privilege, including the attorney work-product rule, must conform to the requirements of Local Civil Rule 26.2 and Rule 26(b)(5) of the Federal Rules of Civil Procedure.

7. If no Documents or things exist that are responsive to a particular paragraph of this subpoena, so state in writing.

8. Questions regarding the interpretation of the requests should be resolved in favor of the broadest possible construction.

9. Plaintiff requests that all documents be produced in their native format and/or as TIFs, and that you include electronically stored information. You may not convert the data to a form that is more burdensome and/or less searchable. If you convert data to TIFs from native format, you must retain all metadata -- including but not limited to the OCR database, document demarcations, the date of the documents, the author of the documents, the recipients of the documents, the type of documents, etc. -- in a usable load file.